UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

LAWRENCE ELIOT MATTISON,　　　)
　　　　　　　Plaintiff,　　　　)
　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　)　　　　Civil Action No. 4:20cv111 (RCY)
　　　　　　　　　　　　　　　　)
UNITED STATES OF AMERICA,　　　)
　　　　　　　Defendant.　　　　)
_____　)

## MEMORANDUM OPINION

This matter is before the Court on the following motions filed by *pro se* Plaintiff Lawrence

Eliot Mattison ("Plaintiff") and Defendant United States of America ("Defendant"):

(i)　Plaintiff's Motion for Summary Judgment, ECF No. 13;

(ii)　Plaintiff's "Motion for Leave to File an Amended Motion for Summary Judgment" ("Motion to File Amended Memorandum in Support of Motion for Summary Judgment"), ECF No. 24;

(iii)　Defendant's Motion to Dismiss, ECF No. 9;

(iv)　Plaintiff's "First Motion for Leave to File the Attached Amended *Roseboro* Response" ("Motion to File Amended Opposition"), ECF No. 19;

(v)　Plaintiff's "First Motion to Amend the Initial Complaint" ("First Motion to File Amended Complaint"), ECF No. 21;

(vi)　Plaintiff's "Motion for Leave to Supplement Jurisdiction Statement" ("Second Motion to File Amended Complaint"), ECF No. 28;

(vii)　Plaintiff's "Motion for Partial Amendment" ("Third Motion to File Amended Complaint"), ECF No. 30;

(viii)　Plaintiff's "Motion for Leave to File a 2nd Partial Amendment" ("Fourth Motion to File Amended Complaint"), ECF No. 31; and

(ix)　Plaintiff's "Motion for Leave to File an Amended Complaint" ("Fifth Motion to File Amended Complaint"), ECF No. 33.

The Court concludes that oral argument is unnecessary because the facts and legal arguments are adequately presented in the parties' briefs. For the reasons set forth below, Plaintiff's Motion to File Amended Memorandum in Support of Motion for Summary Judgment, ECF No. 24, will be GRANTED; Plaintiff's Motion for Summary Judgment, ECF No. 13, will be DENIED; Plaintiff's Motion to File Amended Opposition, ECF No. 19, will be GRANTED; Defendant's Motion to Dismiss, ECF No. 9, will be GRANTED; Plaintiff's First, Second, Third, and Fourth Motions to File Amended Complaint, ECF Nos. 21, 28, 30, and 31, will be DISMISSED as moot; Plaintiff's Fifth Motion to File Amended Complaint, ECF No. 33, will be DENIED; and this civil action will be DISMISSED.

## I.   RELEVANT PROCEDURAL BACKGROUND

On July 15, 2020, Plaintiff filed an application to proceed *in forma pauperis* ("IFP Application"), along with a proposed Complaint. IFP Appl., ECF No. 1; Proposed Compl., ECF No. 1-1. Plaintiff subsequently chose to pay the filing fees, and as a result, the Court dismissed Plaintiff's IFP Application as moot and directed the Clerk to file Plaintiff's Complaint. Order at 1, ECF No. 3; Compl., ECF No. 4. After being served with process, Defendant moved to dismiss Plaintiff's Complaint, and provided *pro se* Plaintiff with a proper *Roseboro* Notice pursuant to Rule 7(K) of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. Mot. Dismiss, ECF No. 9; *Roseboro* Notice, ECF No. 11; *see* E.D. Va. Loc. Civ. R. 7(K). Plaintiff timely filed an Opposition to Defendant's Motion to Dismiss, and Defendant chose not to file a Reply. Opp'n, ECF No. 12; Notice at 1, ECF No. 15 (indicating that Defendant did not intend to file a Reply).

Plaintiff subsequently filed a Motion to File Amended Opposition, a Motion for Summary Judgment, a Motion to File Amended Memorandum in Support of Motion for Summary Judgment,

a First Motion to File Amended Complaint, a Second Motion to File Amended Complaint, a Third Motion to File Amended Complaint, a Fourth Motion to File Amended Complaint, and a Fifth Motion to File Amended Complaint.   Mot. File Am. Opp'n, ECF No. 19; Mot. Summ. J., ECF No. 13; Mot. File Am. Mem. Supp. Mot. Summ. J., ECF No. 24; First Mot. File Am. Compl., ECF No. 21; Second Mot. File Am. Compl., ECF No. 28; Third Mot. File Am. Compl., ECF No. 30; Fourth Mot. File Am. Compl., ECF No. 31; Fifth Mot. File Am. Compl., ECF No. 33.   All pending motions are ripe for adjudication.

## II.   PLAINTIFF'S PRIOR LAWSUIT

Plaintiff filed a prior lawsuit in this Court, Action No. 4:18cv61 ("*Mattison I*"), that involved factual allegations and legal claims that are nearly identical to those asserted in the instant action.[1]   In *Mattison I*, Plaintiff alleged that he was a former federal employee, who worked as a Housekeeping Supervisor at the Hampton VA Medical Center.[2]   Dismissal Order at 2, *Mattison v. United States*, No. 4:18cv61 (E.D. Va. Feb. 24, 2020), ECF No. 41.[3]   During Plaintiff's employment, a "staff [n]urse" filed a complaint against Plaintiff, which triggered an investigation. *Id*.   Detective Janie D. Willis ("Detective Willis"), who Plaintiff described as "a [f]ederal police officer investigator/employee of the Department of Veterans Affairs," was involved in the

---

[1] In addition to *Mattison I* and the instant action, Plaintiff has filed several other cases in this Court over the past few years.   *See* Dismissal Order, *Mattison v. Willis*, No. 4:17cv134 (E.D. Va. Dec. 6, 2018), ECF No. 102; Dismissal Order, *Mattison v. Wilkie*, No. 4:19cv18 (E.D. Va. Feb. 10, 2020), ECF No. 18; Final Order, *Mattison v. Clarke*, No. 4:20cv158 (E.D. Va. Apr. 23, 2021), ECF No. 24; IFP Appl., No. 4:21cv87, *Mattison v. Willis* (E.D. Va. July 7, 2021), ECF No. 1.   However, a resolution of the pending motions in the instant action does not require a detailed discussion of these additional cases.

[2] The Court may properly consider the Dismissal Order in *Mattison I* in its analysis of Defendant's Motion to Dismiss.   As set forth in more detail herein, Defendant moves to dismiss this action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.   In ruling on a 12(b)(1) motion, the Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."   *Velasco v. Gov't of Indon*., 370 F.3d 392, 398 (4th Cir. 2004).   Additionally, in ruling on a 12(b)(6) motion, the Court "may properly take judicial notice of matters of public record."   *Philips v. Pitt Cty. Mem. Hosp*., 572 F.3d 176, 180 (4th Cir. 2009).

[3] When citing to the Dismissal Order issued in *Mattison I*, the Court omits all internal citations.

3

investigation.   *Id*.   Following the investigation, Detective Willis submitted a report to the Human Resources Department, and "went to a State of Virginia Magistrate and initiated criminal arrest warrants against Plaintiff."   *Id*. at 2-3.   Plaintiff was criminally charged under Virginia law for stalking, making phone calls with the intent to annoy, and violating a protective order.   *Id*. at 3. Shortly thereafter, Scott F. Brown ("Mr. Brown"), who Plaintiff described as the "proposing Administrator," and Michael F. Dunfee ("Mr. Dunfee"), who Plaintiff described as the "deciding Federal Administrator," suspended Plaintiff's employment without pay.   *Id*.

On December 15, 2015, Plaintiff appeared for trial in the Hampton General District Court, and was found guilty of the charges of stalking and making phone calls with the intent to annoy, and was found not guilty of the charge of violating a protective order.   *Id*.   Plaintiff was sentenced to twelve months in jail, with four months suspended.[4]   *Id*.

On December 28, 2015, Mr. Brown provided Plaintiff a notice of his proposed removal from employment ("Notice of Proposed Removal"), which stated:

> It is proposed to remove you from employment with VA based on the following reasons:
>
> a. **CHARGE I**:   Conduct Unbecoming a Federal Employee
>
>    1. **SPECIFICATION 1**:   Beginning in or about January 2014, you followed [A.P.], a Hampton VAMC employee, around the halls of the Hampton VA Medical Center.   You acquired [A.P.'s] personal cellular telephone number and frequently called her and sent text messages to her.   In February 2015, [A.P.] asked you to cease all contact.   You continued to repeatedly call and sent text messages to [A.P.], despite her request that you stop contacting her.

---

[4] Plaintiff appealed his convictions to the Hampton Circuit Court.   Following a trial in the Hampton Circuit Court on May 25, 2016, Plaintiff was found guilty of stalking and making phone calls with the intent to annoy, and sentenced to twelve months in jail, with credit for time served.   Dismissal Order at 3 n.3, *Mattison v. United States*, No. 4:18cv61 (E.D. Va. Feb. 24, 2020), ECF No. 41.   Plaintiff appealed his Hampton Circuit Court convictions to the Virginia Court of Appeals; however, his appeal was denied.   *Id*.   Plaintiff then filed a Petition for Appeal in the Virginia Supreme Court, but his petition was refused.   *Id*.   Plaintiff's subsequent Petition for Rehearing was likewise refused by the Virginia Supreme Court.   *Id*.

4

    2.  **SPECIFICATION 2**:  On or about March 9, 2015, you accessed [A.P.'s] cellular phone without her permission and sent a photo in [A.P.'s] cellular phone to your e-mail address.

    b. **CHARGE II**:  Failure to Follow Supervisory Instructions

    1.  **SPECIFICATION 1**:  At approximately 3:30 p.m., on March 16, 2015, Anthony Curling, EMS Program Manager, spoke to you by telephone and instructed you to remain away from Hampton VAMC property.  Despite Mr. Curling's instructions, you were observed on Hampton VAMC property at approximately 6:30 p.m. on March 16, 2015.

*Id*. at 4.   The Notice of Proposed Removal included a section that discussed "aggravating factors" to be considered in determining whether to terminate Plaintiff's employment.   *Id*.   This section stated: "On August 5, 2015, you were placed on Indefinite Suspension after being arrested and charged with Stalking and Violation of a Protective Order.   These factors will be taken into account by the Deciding Official in determining proper disciplinary action, if one or more of the above reasons are sustained."   *Id*.   On or about February 10, 2016, Mr. Dunfee "sustained all [of] [Mr.] Brown's allegations" set forth in the Notice of Proposed Removal, and removed Plaintiff from federal employment.   *Id*.

    On or about November 16, 2017, Plaintiff filed an administrative claim ("Administrative Claim") against the United States Department of Veterans Affairs pursuant to the Federal Tort Claims Act ("FTCA").   *Id*. at 5.   In his Administrative Claim, Plaintiff identified the basis of his claim as follows: "Wrongful Termination: (a) Illegal use of a state court; (b) Defamation; (c) Fraud; (d) Willful deception (2 counts); (e) Conspiracy (3 counts); (f) Negligence (3 counts); (g) Bad Faith (4 counts); (h) Retaliation (4 counts)."   *Id*.   Plaintiff's Administrative Claim was denied on March 8, 2018, and Plaintiff initiated *Mattison I* in this Court on May 29, 2018.   *Id*. at 5-6.

    In *Mattison I*, Plaintiff claimed that Detective Willis, a "federal police officer," lacked authority to "initiate a [s]tate criminal process against Plaintiff" based on acts that allegedly

occurred on federal property (*i.e.*, the Hampton VA Medical Center).[5]   *Id*. at 6 (alteration in original).   Plaintiff further claimed that Mr. Brown and Mr. Dunfee wrongfully relied on the state court criminal proceedings when making decisions regarding Plaintiff's federal employment.   *Id*. Plaintiff brought *Mattison I* pursuant to the FTCA, and asserted claims against the United States for abuse of process, malicious prosecution, negligence,[6] and intentional infliction of emotional distress.   *Id*.

On February 24, 2020, the Court issued a Dismissal Order in *Mattison I*, in which the Court determined, among other things, that (i) Plaintiff's negligence claim was precluded by the Civil Service Reform Act ("CSRA");[7] and (ii) Plaintiff failed to state plausible claims for relief against the United States for abuse of process, malicious prosecution, or intentional infliction of emotional distress.   *Id*. at 14-18.   The Court dismissed *Mattison I* in its entirety, and the dismissal was

---

[5] In Action No. 4:17cv134, another lawsuit filed by Plaintiff regarding his state court criminal proceedings and subsequent employment termination, Plaintiff alleged that the Commonwealth of Virginia lacked jurisdiction to prosecute Plaintiff for criminal activity that allegedly occurred at the Hampton VA Medical Center.   *See* Dismissal Order at 6-7, *Mattison v. Willis*, No. 4:17cv134 (E.D. Va. Dec. 6, 2018), ECF No. 102.   Plaintiff asserted a number of constitutional and statutory claims against those involved in his state court criminal proceedings and termination process.   *See id*. at 7.   On December 6, 2018, the Court granted the dismissal motions of all Defendants, and dismissed Action No. 4:17cv134 in its entirety.   *Id*. at 1-28.   The dismissal was subsequently affirmed on appeal. *See Mattison v. Willis*, 774 F. App'x 800, 800 (4th Cir. 2019).

As an exhibit to his Amended Complaint in Action No. 4:17cv134, Plaintiff attached a 1977 retrocession letter ("Retrocession Letter") from the Administrator of Veterans Affairs ("VA Administrator"), addressed to the Governor of Virginia, in which the VA Administrator "retrocede[d] and relinquish[ed] to the Commonwealth of Virginia, such measure of legislative jurisdiction as is necessary to establish concurrent jurisdiction over lands comprising the Veterans Administration Center at Hampton."   Retrocession Letter, *Mattison v. Willis*, No. 4:17cv134 (E.D. Va. May 18, 2018), ECF No. 63-21.   The Governor of Virginia accepted the "retrocession to concurrent jurisdiction" on behalf of the Commonwealth, and the retrocession became effective as of June 24, 1977.   Acceptance, *Mattison v. Willis*, No. 4:17cv134 (E.D. Va. May 18, 2018), ECF No. 63-20.

[6] In his negligence claim in *Mattison I*, Plaintiff alleged that Mr. Brown and Mr. Dunfee negligently relied on Plaintiff's state court criminal proceedings, which Plaintiff claimed were unlawfully initiated by Detective Willis, in making decisions regarding Plaintiff's federal employment.   Dismissal Order at 13, *Mattison v. United States*, No. 4:18cv61 (E.D. Va. Feb. 24, 2020), ECF No. 41.

[7] As explained in *Mattison I*, the CSRA "established a comprehensive system for reviewing personnel actions taken against federal employees," and was intended by Congress, with limited exceptions, to "operate to the exclusion of all other statutory remedies for claims arising out of the federal employment relationship."   Dismissal Order at 13-14, *Mattison v. United States*, No. 4:18cv61 (E.D. Va. Feb. 24, 2020), ECF No. 41 (citing *Elgin v. Dep't of the Treasury*, 567 U.S. 1, 5 (2012); *Hall v. Clinton*, 235 F.3d 202, 204-06 (4th Cir. 2000)).

affirmed on appeal.   *Id.* at 1-19; *see Mattison v. United States*, 838 F. App'x 785, 785 (4th Cir. 2021).[8]

## III.   PLAINTIFF'S COMPLAINT

In the Complaint filed by Plaintiff in the instant action, Plaintiff states that he "re-files this complaint against [Defendant] for injury suffered by the wrongful acts of a Department of Veterans Affairs ('DVA') [f]ederal [p]olice officer."   Compl. at 1, ECF No. 4.   Plaintiff acknowledges the filing—and dismissal—of *Mattison I*; however, Plaintiff maintains that Defendant should be liable "for the injury/damage [Plaintiff] suffered, caused by wrongful/unlawful use of a State of Virginia criminal court by a DVA police officer/investigator."   *Id.* at 2-4.   Plaintiff brings the instant action pursuant to the FTCA, and asserts claims against Defendant for abuse of process, intentional infliction of emotional distress, and interference with employment relationship.   *Id.* at 1-2.

To support his abuse of process claim, Plaintiff alleges that (i) after the staff nurse filed a complaint about Plaintiff's conduct, Plaintiff obtained a protective order against the staff nurse's husband; (ii) Defendant initiated state criminal proceedings against Plaintiff with the "ulterior purpose or motive" of "forc[ing] Plaintiff into withdrawing [the] protective [o]rder" against the staff nurse's husband; and (iii) Defendant "submitted false documents" and irrelevant witness testimony during the state criminal proceedings.   *Id.* at 13-14.

To support his intentional infliction of emotional distress claim, Plaintiff alleges that (i) Defendant's use of the state criminal proceedings "was reckless and outrageous;" (ii) Defendant had "evidence" that the staff nurse's complaints were false; and (iii) Defendant's actions caused

---

[8] The United States Court of Appeals for the Fourth Circuit disagreed with one of the Court's bases for dismissing Plaintiff's action, i.e., that Plaintiff was judicially estopped from pursuing his claims based on a failure to disclose his claims in a bankruptcy filing; however, the Fourth Circuit stated: "[T]he [C]ourt provided several additional grounds for dismissal, and we affirm on those alternate grounds."   *Mattison v. United States*, 838 F. App'x 785, 785 (4th Cir. 2021).

Plaintiff "extreme emotional distress" and "rendered Plaintiff . . . unemployable in Virginia."[9]   *Id*. at 16.

To support his interference with employment relationship claim, Plaintiff alleges that (i) he maintained an "employment contract relationship" with Defendant as a federal employee; (ii) Detective Willis knew that Plaintiff was a federal employee; and (iii) Detective Willis's actions interfered with Plaintiff's "employment contract relationship."   *Id*. at 15.

### IV.   PLAINTIFF'S MOTION TO FILE AMENDED MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**A.     Plaintiff's Motion to File Amended Memorandum in Support of Motion for Summary Judgment**

After Plaintiff filed a Motion for Summary Judgment and supporting memorandum, Defendant filed a timely Opposition and Plaintiff chose not to file a Reply.   Mot. Summ. J., ECF No. 13; Mem. Supp. Mot. Summ. J., ECF No. 14; Opp'n, ECF No. 18.   Plaintiff subsequently filed a Motion to File Amended Memorandum in Support of Motion for Summary Judgment, and attached thereto a copy of a proposed Amended Memorandum in Support of Motion for Summary Judgment.   Mot. File Am. Mem. Supp. Mot. Summ. J., ECF No. 24; *see* Proposed Am. Mem. Supp. Mot. Summ. J., ECF No. 24-1.   Plaintiff argues that the Court should authorize his proposed amended filing because (i) it will not prejudice Defendant; and (ii) "justice dictates" that the amendment should be allowed.   Mot. File Am. Mem. Supp. Mot. Summ. J. at 1.

Defendant opposes Plaintiff's amendment request and argues, among other things, that Plaintiff's proposed amendment would be futile.   Opp'n at 2-3, ECF No. 25.   Defendant states: "[Plaintiff's] 'amended' summary judgment motion . . . fails for the very same reasons as its

---

[9]  In the "Compensatory Damages" section of his Complaint, Plaintiff also refers to other alleged emotional distress-related injuries, including "[i]njury to feelings," "emotional anguish & distress," "harm to my personal reputation," and "bouts of anger, shame, humiliation, embarrassment, disgrace, [and] degradation."   Compl. at 17, ECF No. 4.

predecessor.    [Plaintiff] simply does not have viable claims that will survive [Defendant's] motion to dismiss; and, given the procedural posture of the case, a motion for summary judgment was and remains procedurally improper and premature."   *Id*. at 3.

Under these circumstances, and in deference to Plaintiff's *pro se* status, the Court will authorize the filing of Plaintiff's Amended Memorandum in Support of Motion for Summary Judgment, and will consider the document in its analysis of Plaintiff's Motion for Summary Judgment.   Accordingly, Plaintiff's Motion to File Amended Memorandum in Support of Motion for Summary Judgment, ECF No. 24, will be GRANTED, and the Clerk will be DIRECTED to file Plaintiff's Amended Memorandum in Support of Motion for Summary Judgment, currently docketed at ECF No. 24-1, as a separate entry on the docket of this matter.

**B.      Plaintiff's Motion for Summary Judgment**

Plaintiff asks the Court to grant summary judgment in his favor on all of the claims asserted against Defendant in this action, and to award Plaintiff $803,900.00 in monetary damages.    Mot. Summ. J. at 1; *see* Am. Mem. Supp. Mot. Summ. J. at 1-14.    Summary judgment is appropriate only when the Court determines that there exists no genuine dispute "as to any material fact and that the moving party is entitled to a judgment as a matter of law."   *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see* Fed. R. Civ. P. 56(a); *Seabulk Offshore, Ltd. v. Am. Home Assur. Co.*, 377 F.3d 408, 418 (4th Cir. 2004).    Here, the Court finds that Plaintiff has not established that summary judgment is warranted in his favor.    To the contrary, the Court has determined, as summarized in detail below, that Defendant's Motion to Dismiss should be granted and this action should be dismissed in its entirety.    *See infra* Part V.B.    Accordingly, Plaintiff's Motion for Summary Judgment, ECF No. 13, will be DENIED.

## V.   PLAINTIFF'S MOTION TO FILE AMENDED OPPOSITION AND DEFENDANT'S MOTION TO DISMISS

### A.      Plaintiff's Motion to File Amended Opposition

After Defendant filed its Motion to Dismiss, Plaintiff filed a timely Opposition, and Defendant advised the Court that it did not intend to file a Reply.   Mot. Dismiss, ECF No. 9; Opp'n, ECF No. 12; Notice, ECF No. 15.   Shortly thereafter, Plaintiff filed a Motion to File Amended Opposition, and attached thereto a proposed Amended Opposition.   Mot. File Am. Opp'n, ECF No. 19; Proposed Am. Opp'n, ECF No. 19-1.   Plaintiff argues that the Court should authorize his proposed amended filing because (i) it will not prejudice Defendant; and (ii) "justice dictates" that the amendment should be allowed.   Mot. File Am. Opp'n at 1.

Defendant argues that Plaintiff's Motion to File Amended Opposition should be denied because (i) "nothing precluded Plaintiff from including in his original Opposition the same arguments he now proposes to include in his Amended Opposition;" and (ii) there are no "new or colorable arguments included in Plaintiff's Amended Opposition that would call into question any of the grounds for dismissal articulated in [Defendant's] Motion to Dismiss."   Opp'n at 1-2, ECF No. 20.   Defendant indicates that even if the Court authorizes the filing of Plaintiff's Amended Opposition, Defendant "does not intend to file a [R]eply to Plaintiff's Amended Opposition because [Defendant's] opening brief adequately addresses all of the arguments included in Plaintiff's Amended Opposition."   *Id*. at 2 n.1.

Under these circumstances, and in deference to Plaintiff's *pro se* status, the Court will authorize the filing of Plaintiff's Amended Opposition, and will consider the document in its analysis of Defendant's Motion to Dismiss.   Accordingly, Plaintiff's Motion to File Amended Opposition, ECF No. 19, will be GRANTED, and the Clerk will be DIRECTED to file Plaintiff's

Amended Opposition, currently docketed at ECF No. 19-1, as a separate entry on the docket of this matter.

**B.      Defendant's Motion to Dismiss**

**1.   Standards of Review Under Federal Rule 12(b)(1) and Federal Rule 12(b)(6)**

Defendant seeks dismissal of this action pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.   Dismissal is warranted under Federal Rule 12(b)(1) for any claims over which the Court lacks subject matter jurisdiction.   Fed. R. Civ. P. 12(b)(1).   Plaintiff bears the burden of proving that subject matter jurisdiction exists by a preponderance of the evidence.   *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347-48 (4th Cir. 2009).   A Rule 12(b)(1) motion to dismiss should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."   *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).   In determining whether subject matter jurisdiction exists, the district court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."   *Velasco v. Gov't of Indon*., 370 F.3d 392, 398 (4th Cir. 2004); *Johnson v. Portfolio Recovery Assocs., LLC*, 682 F. Supp. 2d 560, 566-67 (E.D. Va. 2009).

A motion to dismiss under Federal Rule 12(b)(6) should be granted if a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   A Rule 12(b)(6) motion "tests the sufficiency of a complaint and 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'"   *Johnson*, 682 F. Supp. 2d at 567 (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).   As such, the Court must accept all factual allegations contained in Plaintiff's Complaint as true and draw all reasonable inferences in favor of Plaintiff.   *Id*.

"Although the truth of the facts alleged is assumed, courts are not bound by the 'legal conclusions drawn from the facts' and 'need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Id.* (quoting *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)).   Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a Rule 12(b)(6) motion, the Court may rely upon the allegations of the operative complaint, as well as documents attached as exhibits or incorporated into the operative complaint by reference.   *Simons v. Montgomery Cty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985).   The Court may also consider documents that (i) are "integral to and explicitly relied on" in the operative complaint, and (ii) have not been challenged by Plaintiff as inauthentic.   *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).   Additionally, the Court "may properly take judicial notice of matters of public record."   *Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

### 2.  Discussion

#### a.  Res Judicata

Defendant first argues that the claims asserted in Plaintiff's Complaint are barred by the doctrine of res judicata.   Mem. Supp. Mot. Dismiss at 9-10, ECF No. 10.   Under the doctrine of res judicata, "a prior judgment between the same parties precludes subsequent litigation of matters resolved in the first adjudication."   *Lewin v. Cooke*, 95 F. Supp. 2d 513, 522 (E.D. Va. 2000). As this Court has explained:

> "The doctrine encompasses two concepts: claim preclusion and issue preclusion." These related doctrines "seek to relieve parties of the cost of multiple lawsuits, prevent inconsistent verdicts, conserve judicial resources and encourage reliance on adjudications."   Rules of claim preclusion provide that, if the later litigation

arises from the same cause of action as the first, then the judgment bars litigation of every matter that was or might have been adjudicated in the earlier suit. Subsequent litigation will be barred by claim preclusion where there is: (1) a final judgment on the merits in an earlier suit; (2) an identity of the cause of action in both the earlier and the later suit;[10] and (3) an identity of the parties or their privies to the two suits.

Issue preclusion forecloses "the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigate." Issue preclusion will apply where: (1) the issue sought to be precluded is identical to an issue previously litigated; (2) the issue was actually determined in the prior proceeding; (3) the determination of the issue was a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment is final and valid; and (5) the party against whom estoppel is asserted has had a full and fair opportunity to litigate the issue in the previous forum.

*Id*. (alteration in original) (internal citations omitted).

In its Motion to Dismiss, Defendant argues:

Plaintiff's Complaint should be dismissed with prejudice based on the res judicata doctrine. ***First***, . . . this Court has already dismissed Plaintiff's FTCA claims against the United States for any purported torts arising out Plaintiff's arrest, conviction and termination. *See* FTCA Opinion. ***Second***, the causes of action in both cases are virtually identical. In the prior matter, Plaintiff alleged an "abuse of process" tort, an "intentional infliction of emotional distress" tort and a wrongful termination tort. In the instant action, Plaintiff alleges an "abuse of process" tort, an "intentional infliction of emotional distress" tort and an "interference with federal employment relationship" tort. The "abuse of process" tort and "intentional infliction of emotional distress" tort are styled in exactly the same manner in both suits and are identical in substance. Plaintiff's third tort alleged in the present suit, i.e., "interference with a federal employment relationship," is fundamentally the same as Plaintiff's prior wrongful termination tort such that Plaintiff's prior dismissed claim should preclude his present claim. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.") (internal quotations omitted). In both cases, the employment tort alleges that the VA wrongfully relied on Plaintiff's stalking conviction when terminating Plaintiff. ***Third***, in both cases, the parties are the same.

---

[10] With respect to this element of claim preclusion, the Fourth Circuit has explained that "the claims in the second matter [must be] based upon the same cause of action involved in the earlier proceeding—i.e., the claims [must] arise out of the same transaction or series of transactions, or the same core of operative facts." *CentraArchy Rest. Mgmt. v. Angelo*, 806 F. App'x 176, 178 (4th Cir. 2020) (quoting *Duckett v. Fuller*, 819 F.3d 740, 744 (4th Cir. 2016)).

Mem. Supp. Mot. Dismiss at 9-10 (emphasis in original).

Here, the Court finds that the causes of action asserted in the instant action are based upon the same causes of action that were previously asserted by Plaintiff against Defendant in *Mattison I*, which resulted in a final judgment on the merits.   *See* Dismissal Order at 1-19, *Mattison v. United States*, No. 4:18cv61 (E.D. Va. Feb. 24, 2020), ECF No. 41 (determining, among other things, that Plaintiff's negligence claim was precluded by the CSRA, and that Plaintiff failed to state claims for abuse of process, malicious prosecution, or intentional infliction of emotional distress upon which relief may be granted); *Mattison v. United States*, 838 F. App'x 785, 785 (4th Cir. 2021) (affirming the Court's dismissal of *Mattison I*); *see also Lewin*, 95 F. Supp. 2d at 522 (explaining the doctrine of res judicata).    Additionally, the Court finds that the issues that necessarily arise in the instant action are the same critical issues that were actually determined in *Mattison I*, during which time Plaintiff had a full and fair opportunity to argue his position.   *See Lewin*, 95 F. Supp. 2d at 522.    As a result, the Court finds that this action is barred by the doctrine of res judicata.    Accordingly, Defendant's Motion to Dismiss, ECF No. 9, will be GRANTED.

### b.   Alternate Grounds for Dismissal

Defendant also argues that even if this action was not barred by the doctrine of res judicata, dismissal of Plaintiff's claims would nevertheless be warranted on alternate grounds.    Mem. Supp. Mot. Dismiss at 16-21.    The Court will address several of Defendant's alternate arguments below.

### i.   Abuse of Process

Defendant argues that Plaintiff's Complaint fails to state a claim for abuse of process on which relief may be granted.    *Id*. at 17.    To state a claim for abuse of process under Virginia

law, Plaintiff must show (i) "the existence of an ulterior purpose;" and (ii) "an act in the use of the

process not proper in the regular prosecution of the proceedings." *Ubl v. Kachouroff*, 937 F.

Supp. 2d 765, 769 (E.D. Va. 2013) (quoting *Donohoe Const. Co., v. Mount Vernon Assocs.*, 369

S.E.2d 857, 862 (Va. 1988)).   Defendant argues:

> Here, Plaintiff's abuse of process claim is that the VA police officer lacked the
> authority to ask a state, rather than federal, magistrate to issue an arrest warrant for
> Plaintiff stalking a co-worker and making harassing calls to that co-worker.
> Plaintiff cannot satisfy either element of an abuse of process claim.   With respect
> to the first element, Plaintiff's Complaint contains no allegations that would allow
> this Court to infer that the VA police officer had an "ulterior purpose" in seeking
> an arrest warrant other than [the] officer not wishing to have an HVMAC employee
> be stalked by a co-worker.   While Plaintiff's Complaint makes reference to
> Plaintiff having sought a protective order against the stalking victim's husband,
> [Defendant] cannot discern how this would impute an ulterior motive to the VA
> police officer.   With respect to the second element, Plaintiff has already exhausted
> his appeal rights to the Virginia Supreme Court as to why his conviction is invalid
> and the Virginia Supreme Court has affirmed the conviction.   Notwithstanding
> Plaintiff's fervent belief that his conviction was invalid and that this was some sort
> of abnormal prosecution by the state, the Virginia Supreme Court has already held
> that it was not.   Accordingly, as this Court previously held, Plaintiff cannot state
> a claim for abuse of process.

Mem. Supp. Mot. Dismiss at 17 (citations omitted).

Upon review, the Court finds that Plaintiff has not alleged sufficient facts to establish the

"ulterior purpose" or the "improper process" elements of an abuse of process claim under Virginia

law.   *See Ubl*, 937 F. Supp. 2d at 769.   Therefore, the Court further finds that Plaintiff's

Complaint fails to state a plausible abuse of process claim against Defendant upon which relief

may be granted.   For this additional reason, Defendant's Motion to Dismiss, ECF No. 9, will be

GRANTED as to Plaintiff's abuse of process claim.

### ii.   Interference with Employment Relationship

The factual basis for Plaintiff's interference with employment relationship claim is difficult

to decipher.   Compl. at 15, ECF No. 4.   Defendant interprets Plaintiff's interference with

employment relationship claim as being "premised on the assumption" that Plaintiff's supervisors

relied on Plaintiff's state court stalking conviction when terminating Plaintiff's employment, and that such reliance "runs contrary to VA policy."   Mem. Supp. Mot. Dismiss at 18.   It appears to the Court that Plaintiff's interference with employment relationship claim is based primarily on the alleged actions of Detective Willis, i.e., that Detective Willis's initiation of state criminal proceedings resulted in improper interference with Plaintiff's employment relationship with Defendant.   *See* Compl. at 15.   The Court finds that dismissal of Plaintiff's interference with employment relationship claim is warranted under either interpretation of Plaintiff's claim.

Defendant argues, under its interpretation of Plaintiff's interference with employment relationship claim, that Plaintiff's claim should be dismissed because "the FTCA does not waive [Defendant's] sovereign immunity for [a] violation of its own policies or statutes."   Mem. Supp. Mot. Dismiss at 18 (citing *Williams v. United States*, 242 F.3d 169, 173 (4th Cir. 2001)). Defendant's argument comports with the law.   The FTCA's waiver of sovereign immunity is limited to conduct for which a private person could be held liable under state law.   *See Williams*, 242 F.3d at 173.   The FTCA does not waive sovereign immunity for alleged violations of internal federal policies.   *Id.*

Additionally, the Court notes that the FTCA specifically states that it does not apply to "[a]ny claim arising out of . . . interference with contract rights."[11]   28 U.S.C. § 2680(h).   Courts have determined that the FTCA's "interference with contract rights" exception set forth in 28 U.S.C. § 2680(h) "covers allegations of tortious interference with employment."   *McKinney v. United States*, No. 16cv1033, 2016 U.S. Dist. LEXIS 162657, at *12-13 (D. Colo. Nov. 23, 2016); *see Lynch v. Potter*, No. 3:05cv871, 2006 U.S. Dist. LEXIS 116049, at *16-17 (S.D. W. Va.

---

[11] If the FTCA is inapplicable to a particular tort claim, "the United States has not waived sovereign immunity and [the] United States and its employees, working under the scope of employment, would be immune" from liability as to the particular claim.   *Lynch v. Potter*, No. 3:05cv871, 2006 U.S. Dist. LEXIS 116049, at *16-17 (S.D. W. Va. Dec. 5, 2006).

Dec. 5, 2006) (dismissing a plaintiff's "tortious interference with employment" claim after finding that such claim was "excluded from the FTCA coverage"); *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999) (noting that the "interference with contract rights" exception set forth in 28 U.S.C. § 2680(h) "has previously been interpreted as encompassing claims for interference with employment").    Therefore, the Court finds that Plaintiff's interference with employment relationship claim necessarily fails—regardless of the specific factual basis for such claim—because Defendant has not waived sovereign immunity for such a claim.

For these additional reasons, Defendant's Motion to Dismiss, ECF No. 9, will be GRANTED as to Plaintiff's interference with employment relationship claim.

### iii.   Intentional Infliction of Emotional Distress

Plaintiff's intentional infliction of emotional distress claim is based on Plaintiff's allegations that (i) Defendant's use of the state criminal proceedings "was reckless and outrageous;" (ii) Defendant had "evidence" that the staff nurse's complaints were false; and (iii) Defendant's actions caused Plaintiff "extreme emotional distress" and "rendered Plaintiff . . . unemployable in Virginia."[12]    Compl. at 16.

Intentional infliction of emotional distress claims are disfavored in Virginia.    *Harris v. Kreutzer*, 624 S.E.2d 24, 33 (Va. 2006).    The tort requires proof of the following: "(1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous and intolerable; (3) there was a causal connection between the wrongdoer's conduct and the emotional distress; and (4) the emotional distress was severe."    *Id*.    The standard by which the outrageousness element is judged has been described as "exceedingly high."    *Darlington v. Harbour East Vill.*

---

[12] As noted above, the "Compensatory Damages" section of Plaintiff's Complaint also refers to other alleged emotional distress-related injuries, including "[i]njury to feelings," "emotional anguish & distress," "harm to my personal reputation," and "bouts of anger, shame, humiliation, embarrassment, disgrace, [and] degradation."  Compl. at 17, ECF No. 4.

*LLC*, No. 3:20cv157, 2020 U.S. Dist. LEXIS 123677, at *15 (E.D. Va. July 14, 2020).   The Virginia Supreme Court has explained that, to satisfy the outrageousness element, "[i]t is insufficient for a defendant to have acted with an intent which is tortious or even criminal." *Harris*, 624 S.E.2d at 33 (quoting *Russo v. White*, 400 S.E.2d 160, 162 (Va. 1991)).   "Even if a defendant has intended to inflict emotional distress, or his conduct is characterized by malice, or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort, the requirement of [outrageousness] has not been satisfied." *Russo*, 400 S.E.2d at 162.   Rather, to satisfy the outrageousness requirement, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Harris*, 624 S.E.2d at 34 (quoting *Russo*, 400 S.E.2d at 162).   Further, any resulting emotional distress will only be sufficiently severe if it is "extreme" and "so severe that no reasonable person could be expected to endure it." *Id*. (quoting *Russo*, 400 S.E.2d at 163).   Moreover, in determining whether the allegations of a complaint sufficiently state a claim for intentional infliction of emotional distress, the Virginia Supreme Court has explained that a court "is not bound by . . . conclusory allegations." *Russo*, 400 S.E.2d at 163.

In its Motion to Dismiss, Defendant argues that Plaintiff's Complaint fails to state a plausible claim for intentional infliction of emotional distress.   Mem. Supp. Mot. Dismiss at 19-21.   Specifically, Defendant argues that Plaintiff fails to adequately allege the intent, recklessness, outrageousness, causation, or severity necessary for an intentional infliction of emotional distress claim. *Id*.

Upon review of Plaintiff's Complaint, Defendant's motion, and the related briefing, the Court finds that Plaintiff's intentional infliction of emotional distress claim cannot withstand

Defendant's challenge under Federal Rule 12(b)(6).   Although Plaintiff alleges, in a conclusory fashion, that the acts complained of in this lawsuit were "reckless," "outrageous," and "caused extreme emotional distress," the Court finds that Plaintiff's conclusory allegations lack sufficient factual support.   *See* Compl. at 16; *see also Harris*, 624 S.E.2d at 33-34.   Specifically, the Court finds that Plaintiff has not alleged sufficient facts to show that the conduct at issue rose to the level of outrageousness necessary to support an intentional infliction of emotional distress claim. *Harris*, 624 S.E.2d at 34 (explaining that the outrageousness element requires allegations of conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community"); *see Perry v. City of Norfolk*, No. 98-2284, 1999 U.S. App. LEXIS 22768, at *11 (4th Cir. Sept. 20, 1999) (noting that "it is the rare case that will satisfy the outrageousness standard").   The Court further finds that Plaintiff has not alleged sufficient facts to show that his alleged emotional distress reached the requisite level of severity.   *See Harris*, 624 S.E.2d at 34 (explaining that emotional distress will only be sufficiently severe if it is "extreme" and "so severe that no reasonable person could be expected to endure it").   Therefore, for these additional reasons, Defendant's Motion to Dismiss, ECF No. 9, will be GRANTED as to Plaintiff's intentional infliction of emotional distress claim.[13]

## VI.   PLAINTIFF'S MOTIONS TO AMEND COMPLAINT

### A.   Plaintiff's First, Second, Third, and Fourth Motions to File Amended Complaint

Plaintiff has requested authorization to amend his Complaint, in some fashion, on five separate occasions.   In his First Motion to File Amended Complaint, Plaintiff asks the Court to allow him to amend his Complaint "[i]n lieu of requesting an amendment during Plaintiff's oral

---

[13] Because the Court will grant Defendant's Motion to Dismiss for the reasons set forth above, the Court need not address Defendant's additional arguments for dismissal.

argument." First Mot. File Am. Compl. at 1, ECF No. 21. In his Second Motion to File Amended Complaint, Plaintiff asks permission to "supplement [Plaintiff's] jurisdictional statement in the initial [C]omplaint." Second Mot. File Am. Compl. at 1, ECF No. 28. In his Third Motion to File Amended Complaint, Plaintiff asks permission to partially amend the "Abuse of Process claim" asserted in Plaintiff's initial Complaint. Third Mot. File Am. Compl. at 1, ECF No. 30. In his Fourth Motion to File Amended Complaint, Plaintiff asks permission to file a second "partial amendment" to Plaintiff's "Abuse of Process claim."[14] Fourth Mot. File Am. Compl. at 1, ECF No. 31.

On June 23, 2021, Plaintiff filed a Fifth Motion to File Amended Complaint, and attached thereto a proposed Amended Complaint. Fifth Mot. File Am. Compl., ECF No. 33; Proposed Am. Compl., ECF No. 33-1. Upon review, the Court finds that Plaintiff's Fifth Motion to File Amended Complaint, and proposed Amended Complaint attached thereto, incorporate the amendment requests that Plaintiff requested in his prior amendment-related motions. Accordingly, Plaintiff's First, Second, Third, and Fourth Motions to File Amended Complaint, ECF Nos. 21, 28, 30, and 31, will be DISMISSED as moot. The Court will address the merits of Plaintiff's Fifth Motion to File Amended Complaint below.

**B.     Plaintiff's Fifth Motion to File Amended Complaint**

In his Fifth Motion to File Amended Complaint, Plaintiff seeks permission to file an Amended Complaint that includes additional factual allegations and asserts two new claims—a malicious prosecution claim and a false arrest/imprisonment claim—against Defendant. Fifth

---

[14] In his Fourth Motion to File Amended Complaint, Plaintiff states that he is withdrawing his prior request to partially amend his "Abuse of Process Claim," (i.e., Plaintiff's Third Motion to File Amended Complaint). Fourth Mot. File Am. Compl. at 1, ECF No. 31.

Mot. File Am. Compl. at 1;  Proposed Am. Compl. at 1-27.   Federal Rule 15(a) governs

amendments to pleadings prior to trial.   Fed. R. Civ. P. 15(a).   The rule states:

> (1)   ***Amending as a Matter of Course***.   A party may amend its pleading once as
> a matter of course within:
>
>> (A)   21 days after serving it, or
>>
>> (B)   if the pleading is one to which a responsive pleading is required, 21
>> days after service of a responsive pleading or 21 days after service of
>> a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2)   ***Other Amendments***.   In all other cases, a party may amend its pleading only
> with the opposing party's written consent or the court's leave.   The court
> should freely give leave when justice so requires.

*Id*.  Courts have characterized Federal Rule 15 as a "liberal rule" that "gives effect to the federal

policy in favor of resolving cases on the merits."   *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir.

2006).   However, leave to amend may be denied "when the amendment would be prejudicial to

the opposing party, there has been bad faith on the part of the moving party, or the amendment

would have been futile."   *Id*. (citation omitted); *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Plaintiff did not initiate his amendment requests within his window of time to do so

as a matter of course.   *See* Mot. Dismiss, ECF No. 9 (filed on October 5, 2020); First Mot. File

Am. Compl., ECF No. 19 (filed on November 3, 2020).   Accordingly, Plaintiff's motion must be

considered in the context of Federal Rule 15(a)(2).

Defendant argues that Plaintiff's Fifth Motion to File Amended Complaint should be

denied as futile.   Opp'n at 3-4, ECF No. 36.   Specifically, Defendant argues:

> ***First***, both of Plaintiff's new claims are still premised on Plaintiff's mistaken belief
> that his arrest and conviction for stalking a coworker are invalid because an
> individual cannot be convicted of a state crime for actions that occurred on federal
> property.   For the reasons detailed in multiple prior filings and Court opinions, this
> is simply an incorrect interpretation of the law and Plaintiff's arrest and
> conviction—which are final and have been affirmed on appeal—are not somehow
> invalid because they occurred on federal property.

**Second**, Plaintiff's new claims are barred by the doctrine of res judicata.  As described in [Defendant's] Motion to Dismiss, Plaintiff has already unsuccessfully brought suit under the FTCA against [Defendant] for purported torts Plaintiff believes occurred in relation to his arrest, conviction and termination for stalking a coworker.  ECF No. 10 at 9-10.  Plaintiff's new claims are also precluded because they arise out of the "same core operative facts" as Plaintiff's previously-dismissed claims.  *See Duckett v. Fuller*, 819 F.3d 740, 744 (4th Cir. 2016) (claim preclusion applies when, *inter alia*, "the claims in the second matter are based upon the same cause of action involved in the earlier proceeding—i.e., the claims arise out of the same transaction or series of transactions, or the same core of operative facts").  In fact, Plaintiff's "new" malicious prosecution was already litigated in a prior lawsuit.  *See Mattison v. United States*, Case No. 4:18-cv-61-RGD-DEM (E.D. Va. Feb. 24, 2020), Dkt. No. 41 (dismissing malicious prosecution claim).

**Third**, neither of Plaintiff's new claims state claims upon which relief can be granted.  As to the malicious prosecution claim, as detailed in this Court's prior opinion, Plaintiff fails to allege sufficient facts that would allow this Court to conclude that Det[ective] Willis acted without probable cause or with malice.  *Id*. at 17.  Accordingly, Plaintiff's new malicious prosecution claim does not state a plausible claim upon which relief can be granted.  *Id*.  As to Plaintiff's new false imprisonment claim, under Virginia tort law, "[f]alse imprisonment is the restraint of one's liberty without any sufficient legal excuse."  *Lewis v. Kei*, 281 Va. 715, 724, 708 S.E.2d 884, 890 (2011).  "If the plaintiff's arrest was lawful, the plaintiff cannot prevail on a claim of false imprisonment."  *Id*.  Here, as detailed in multiple prior filings, Plaintiff's arrest was lawful and his conviction has been sustained on appeal.  Plaintiff's mistaken belief that a person cannot be charged in state court for crimes occurring on federal property is an insufficient allegation to raise a plausible false imprisonment claim.

*Id*. (emphasis in original).

Here, the Court finds that Plaintiff's proposed Amended Complaint does not cure the defects of Plaintiff's Complaint that resulted in the Court's determination, as explained above, that dismissal of this action is warranted.  The Court further finds that the additional claims asserted in Plaintiff's proposed Amended Complaint, i.e., Plaintiff's malicious prosecution and false arrest/imprisonment claims, would be barred by the doctrine of res judicata and do not state plausible claims for relief against Defendant.  Therefore, the Court finds that Plaintiff's proposed amendment would be futile.  Accordingly, Plaintiff's Fifth Motion to File Amended Complaint, ECF No. 33, will be DENIED.

## VII.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion to File Amended Memorandum in Support of Motion for Summary Judgment, ECF No. 24, will be GRANTED; Plaintiff's Motion for Summary Judgment, ECF No. 13, will be DENIED; Plaintiff's Motion to File Amended Opposition, ECF No. 19, will be GRANTED; Defendant's Motion to Dismiss, ECF No. 9, will be GRANTED; Plaintiff's First, Second, Third, and Fourth Motions to File Amended Complaint, ECF Nos. 21, 28, 30, and 31, will be DISMISSED as moot; Plaintiff's Fifth Motion to File Amended Complaint, ECF No. 33, will be DENIED; and this civil action will be DISMISSED.

An appropriate Order shall issue.

_____/s/_____

Roderick C. Young
United States District Judge

Richmond, Virginia
Date:  August 30, 2021