UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| LAWRENCE ELIOT MATTISON,<br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Defendant. | Civil Action No. 4:20cv111 (RCY) |

**MEMORANDUM OPINION**

This matter is before the Court in this closed case on the following motions filed by *pro se* Plaintiff Lawrence Eliot Mattison ("Plaintiff"): (i) a "Motion Under Fed. R. Civ. P. Rule 60(b) to Vacate the Judgment or Order of the District Court" ("Rule 60(b) Motion"), ECF No. 43; (ii) an "Amended Motion Under Rule 60(b) to Vacate the Judgment or Order of the District Court" ("Amended Rule 60(b) Motion"), ECF No. 45; and (iii) an Application to Appeal *In Forma Pauperis* ("Motion to Appeal IFP"), ECF No. 47.

The Court concludes that oral argument is unnecessary because the facts and legal arguments are adequately presented in the briefs. For the reasons set forth below, Plaintiff's Rule 60(b) Motion, ECF No. 43, will be DENIED; Plaintiff's Amended Rule 60(b) Motion, ECF No. 45, will be DENIED; and Plaintiff's Motion to Appeal IFP, ECF No. 47, will be GRANTED.

**I.  RELEVANT PROCEDURAL BACKGROUND**

On August 30, 2021, the Court issued a Memorandum Opinion and an Order that, among other things, granted Defendant United States of America's ("Defendant") Motion to Dismiss and dismissed this action in its entirety. Mem. Op., ECF No. 38; Order, ECF No. 39. In its Memorandum Opinion, the Court determined that (i) the claims asserted by Plaintiff in this action were barred by the doctrine of res judicata; and (ii) even if res judicata did not bar Plaintiff's

claims, Plaintiff's claims failed on alternate grounds. Mem. Op. at 3-8, 12-19. Specifically, the Court determined that (i) Plaintiff failed to state a claim for abuse of process on which relief may be granted; (ii) Defendant did not waive sovereign immunity for Plaintiff's interference with employment relationship claim; and (iii) Plaintiff failed to state a claim for intentional infliction of emotional distress on which relief may be granted. *Id*. at 14-19. Plaintiff had requested authorization to file an Amended Complaint; however, the Court determined that Plaintiff's proposed Amended Complaint would be futile and denied Plaintiff's request. *Id*. at 19-22.

On September 13, 2021, Plaintiff filed a Rule 60(b) Motion. Rule 60(b) Mot., ECF No. 43. On October 20, 2021, Plaintiff filed an Amended Rule 60(b) Motion. Am. Rule 60(b) Mot., ECF No. 45. Although Plaintiff's Amended Rule 60(b) Motion made certain changes to Plaintiff's initial Rule 60(b) Motion, Plaintiff continues to rely on the memorandum that he filed with his initial Rule 60(b) Motion to support his Amended Rule 60(b) Motion. *See* Am. Rule 60(b) Mot. at 1 (stating that "[a]mendment to the initial Memo in Support is not requested at this time" (emphasis in original)). Defendant filed an Opposition to Plaintiff's Amended Rule 60(b) Motion on October 28, 2021, and Plaintiff filed a Reply on November 5, 2021.[1] Opp'n, ECF No. 50; Reply, ECF No. 51.

On October 20, 2021, Plaintiff filed a Notice of Appeal, along with a Motion to Appeal IFP. Notice Appeal, ECF No. 46; Mot. Appeal IFP, ECF No. 47. All pending motions are ripe for adjudication.

---

[1] Plaintiff suggests that Defendant's Opposition is untimely because it was filed "over 30 days" after Plaintiff filed his Rule 60(b) Motion. Reply at 1, ECF No. 51. However, Defendant's Opposition was filed only eight days after Plaintiff filed his Amended Rule 60(b) Motion and is therefore timely as to Plaintiff's amended motion. Opp'n, ECF No. 50; *see* E.D. Va. Loc. Civ. R. 7(F)(1) (explaining that an opposition brief shall be filed within fourteen calendar days after service of a motion). Plaintiff filed his Reply eight days after Defendant filed its Opposition, and is thus untimely. Reply at 1-9; *see* E.D. Va. Loc. Civ. R. 7(F)(1) (explaining that a reply brief must be filed within six calendar days of an opposition brief). However, in deference to Plaintiff's *pro se* status, the Court has considered Plaintiff's Reply in its analysis of the pending motions.

## II.   ANALYSIS

### A.   Plaintiff's Rule 60(b) Motion and Amended Rule 60(b) Motion

Plaintiff asks the Court to vacate its August 30, 2021 Memorandum Opinion and Order, reopen this case for further proceedings, and authorize the filing of Plaintiff's proposed Amended Complaint. Am. Rule 60(b) Mot. at 1, ECF No. 45; Rule 60(b) Mot. at 1, ECF No. 43; Mem. Supp. Rule 60(b) Mot. at 1, ECF No. 44. Plaintiff claims that his requested relief is justified under Federal Rule 60(b)(3) and (4). Am. Rule 60(b) Mot. at 1; Rule 60(b) Mot. at 1; Mem. Supp. Rule 60(b) Mot. at 1-19.

Pursuant to Federal Rule 60(b), a district court may relieve a party from a final judgment or order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud . . . , misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). As the United States Court of Appeals for the Fourth Circuit has explained, "before a party may seek relief under Rule 60(b), a party first must show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citation omitted). Once this "initial threshold" is crossed, the party "then must satisfy one of the six specific sections of Rule 60(b)" listed above. *Id*.

Here, Plaintiff claims that Defendant's counsel and the undersigned "committed FRAUD and MISCONDUCT on the court," which resulted in a "dismissal order that is VOID." Mem. Supp. Rule 60(b) Mot. at 1 (capitalization in original). Plaintiff claims that "res judicata does not apply" to his case, and that the Court's ruling was "contrary (repugnant) to [f]ederal [l]aw" and "created an [a]bsurd result" that must be vacated under Federal Rule 60(b)(3) and (4). *Id*. at 1, 8-19.

Upon review, the Court finds that Plaintiff has not established that he is entitled to his requested relief. Specifically, the Court finds that Plaintiff has not crossed the "initial threshold" of establishing a meritorious defense, the lack of unfair prejudice to Defendant, or the existence of exceptional circumstances. *See Dowell*, 993 F.2d at 48. Additionally, the Court finds that Plaintiff has not established the applicability of the two subsections of Federal Rule 60(b) upon which Plaintiff bases his motions.

As noted above, Plaintiff seeks relief under Federal Rule 60(b)(3) and (4). To establish entitlement to relief under Federal Rule 60(b)(3), Plaintiff must set forth "clear and convincing evidence" of fraud or misconduct and "show that the misconduct prevented [Plaintiff] from fully presenting his case." *Tunnell v. Ford Motor Co*., 245 F. App'x 283, 288 (4th Cir. 2007). To establish that a judgment is void under Federal Rule 60(b)(4), Plaintiff "must show that the district court either lacked subject matter jurisdiction, jurisdiction over the parties, or that it violated due process in rendering its decision." *Garcia Fin. Grp., Inc. v. Va. Accelerators Corp.*, 3 F. App'x 86, 88-89 (4th Cir. 2001).

Here, the Court finds that Plaintiff has not adequately established (i) "clear and convincing evidence" of fraud or misconduct; (ii) that any alleged misconduct "prevented [Plaintiff] from fully presenting his case;" (iii) that the Court lacked subject matter jurisdiction over Plaintiff's action; (iv) that the Court lacked jurisdiction over the parties in this action; or (v) that the Court violated

due process in rendering its decision.   See *Tunnell*, 245 F. App'x at 288; *Garcia Fin. Grp., Inc.*, 3 F. App'x at 88-89.   As a result, the Court further finds that Plaintiff has not established that he is entitled to relief under Federal Rule 60(b)(3) or (4).   Accordingly, Plaintiff's Rule 60(b) Motion and Amended Rule 60(b) Motion, ECF Nos. 43 and 45, will be DENIED.

**B.   Plaintiff's Motion to Appeal IFP**

As noted above, the Court dismissed this action on August 30, 2021.   Mem. Op., ECF No. 38; Order, ECF No. 39.   On October 20, 2021, Plaintiff filed a Notice of Appeal, along with a Motion to Appeal IFP.[2]   Notice Appeal, ECF No. 46; Mot. Appeal IFP, ECF No. 47.   Upon review of Plaintiff's Motion to Appeal IFP, the Court is satisfied that Plaintiff qualifies for *in forma pauperis* status.   Accordingly, Plaintiff's Motion to Appeal IFP, ECF No. 47, will be GRANTED.

### III.   CONCLUSION

For the reasons set forth above, Plaintiff's Rule 60(b) Motion, ECF No. 43, will be DENIED; Plaintiff's Amended Rule 60(b) Motion, ECF No. 45, will be DENIED; and Plaintiff's Motion to Appeal IFP, ECF No. 47, will be GRANTED.

Plaintiff is ADVISED that this is a closed case.   Any further filings in this closed case by Plaintiff, other than a notice of appeal, shall be docketed by the Clerk as a submission only, without any further Order of the Court.

An appropriate Final Order shall issue.

/s/
Roderick C. Young
United States District Judge

Richmond, Virginia
November 10, 2021

---

[2] Plaintiff filed an application to proceed *in forma pauperis* ("IFP Application") when he initiated this action; however, Plaintiff subsequently withdrew his IFP Application and paid the filing fees.   IFP Appl., ECF No. 1; Mot. Withdraw, ECF No. 3; Receipt, ECF No. 4-2.